Michael R. Mills, ABA #8911074
Michael A. Grisham, ABA #9411104
DORSEY & WHITNEY LLP
1031 West 4th Avenue, Suite 600
Anchorage, Alaska 99501-5907
(907) 276-4557

Attorneys for Use-Plaintiff Ferguson Enterprises, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA, AT ANCHORAGE

| | |
|---|---|
| UNITED STATES OF AMERICA for the use and benefit of FERGUSON ENTERPRISES, INC., <br><br>          Use-Plaintiff , <br><br>vs. <br><br>SAFECO INSURANCE COMPANY OF AMERICA and its Payment Bond No. 6255769, <br><br>          Defendant. | Case No. 3:06:cv-00001-RRB |

**PLAINTIFF FERGUSON ENTERPRISES, INC.'S**
**MEMORANDUM IN SUPPORT OF**
**MOTION FOR SUMMARY JUDGMENT**

Plaintiff Ferguson Enterprises, Inc., ("Ferguson") has moved for entry of summary judgment in its favor. As established in this memorandum, Ferguson is within the class of entities protected by the Defendant Payment Bond and provided materials to the project covered by the Payment Bond valued at $111,547.13 for which it has not received payment. There are no genuine issues of material fact regarding Ferguson's entitlement

to payment from the Bond, or regarding the amount Ferguson is entitled to receive. Ferguson is entitled to judgment in its favor as a matter of law, and summary judgment under Civil Rule 56 is thus appropriate.

## BACKGROUND

Ferguson is, and has for many years been, a supplier of construction materials to a wide range of contractors working on projects throughout Alaska. See Affidavit of Cathy Landreth filed herewith. As is standard practice in this industry, Ferguson supplies materials to its contractor customers on credit, billing its customers in monthly installments. Id. Many of Ferguson's customers are simultaneously engaged in several different projects. Id. Pursuant again to standard industry practice, Ferguson's sales staff obtains information from Ferguson's customers regarding which particular project a group of materials is for, and tracks this information either by making specific notations on the individual invoices or by placing the order in a segregated account dedicated to the project for which the materials are intended. Id. By using the information supplied by its customers in this manner, Ferguson's credit account records allow Ferguson, its customer, or anyone else to determine what project the materials were intended to be used in simply by reviewing the invoices. Id.

On or about March 10, 2004, the United States, through the U.S. Army Corp of Engineers, entered a contract with Neeser Construction, Inc. Pursuant to this contract, Neeser was to be the general contractor on a public works project known as the Fort Wainwright Alert Holding Facility at Ft. Wainwright, Alaska, Ground Contract No.

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue, Suite 600
Anchorage, AK 99501
(907) 276-4557

FERGUSON'S MEMORANDUM IN SUPPORT   *Ferguson Enterprises v. Safeco Ins. Co.*
OF MOTION FOR SUMMARY JUDGMENT.
Page 2 of 7                         Case No. 3:06-cv-00001-RRB

DACA 85-02-D-0012 ("the Project").  See Docket Entry 4, Answer at ¶ 6; Docket Entry 1, Complaint at ¶ 6.  Under the contract, Neeser was required to provide all the labor, materials, and equipment necessary for the construction of the Project.  Id.  In compliance with the requirements of the Federal Miller Act, 40 U.S.C. Section 270(b), Neeser and Defendant Safeco, as surety, executed payment and performance bonds for the protection of all persons supplying labor and material in the prosecution of work on the Project.  See Exh. 1.  On or about March 10, 2004, Safeco issued the Defendant Payment Bond 6255769.  See Exh. 1.  This bond by its terms provides for the protection of all persons supplying labor, equipment, or materials in the prosecution of work on the Project.  Id.

In its role as general contractor, Neeser hired Graystar Mechanical, Inc., to perform work on the Project.  See Docket Entry 4, Answer at ¶ 7.  Graystar was a customer of Ferguson's and had a credit account with Ferguson.  See Affidavit of Cathy Landreth.

Graystar obtained materials from Ferguson for use on the Project, which Graystar charged to its credit account with Ferguson.  As demonstrated by the invoices attached to the Affidavit of Cathy Landreth, Graystar began charging materials that were to be used in the Project on June 29, 2005.  See Affidavit of Cathy Landreth.  In order to keep track of which materials were intended for use on the Project, Ferguson and Graystar assigned two project or "PO" numbers to this project to be included on the Graystar invoices – PO nos. 0422 and 0423.  Id.  As Graystar's work on the Project continued, Ferguson and Graystar created a segregated sub-account for the Project to keep track of the materials

DORSEY & WHITNEY LLP
1031 West 4th Avenue, Suite 600
Anchorage, AK 99501
(907) 276-4557

supplied on credit to Graystar for use in the Project. Id. Specific invoices were included in the segregated Project account or branded with the Project PO numbers based on information specifically supplied by Graystar that the materials supplied were intended to be used for Graystar's work on the Project. Id. As demonstrated by the invoices attached to the Affidavit of Cathy Landreth, Graystar was furnished with supplies and materials intended for use in the Project valued at $111,547.13, for which Ferguson has not received payment. Id.

Ferguson issued timely demands for payment on Graystar and Neeser. See Exhibit 2. Despite these demands, however, Ferguson has still not received payment for the materials it supplied to the Project. The written demand to Neeser was sent by registered and/or certified mail as required by the terms of the Miller Act. Id.

Ferguson last supplied materials to Graystar for use in the Project on December 1, 2005. Id. This lawsuit was filed on January 4, 2006, less than one year after Ferguson last supplied materials to the Project.

## **ARGUMENT**

The purpose of the Miller Act is to provide for protection of persons furnishing material and labor for construction, alteration or repair of public work projects. 40 U.S.C. Section 270; *Clifford F. MacEvoy Company v. U.S.*, 322 U.S. 102, 107, 64 S.Ct. 890, 893, 88 L. Ed. 1163 (1944). "'the Miller Act is highly remedial and [is] entitled to a liberal construction and application in order properly to effectuate the Congressional intent to protect those whose labor and materials go into public projects.'" *U.S. Ex rel*

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue, Suite 600
Anchorage, AK 99501
(907) 276-4557

*Bartech Industries v. United Pacific Company*, 976 F.2d 1274, 1276 (9th Cir. 1992), *citing F.D. Rich Company v. United States Ex rel Industrial Lumber Company*, 417 U.S. 116, 124 (1974) (internal quotation marks omitted).  The Ninth Circuit has thus held that "a material supplier will prevail on a Miller Act claim against a contractor's bond holder if:  (1) the materials were supplied and prosecution of the work provided for in the contract; (2) he has not been paid; (3) he had a good faith belief that the materials were intended for the specified work; and (4) the jurisdictional requisites were met." *Bartech*, *supra*, 976 F.2d at 1276; *see also United States Ex rel Martin Steel Constructors, Inc. v. Avanti Constructors, Inc.*, 750 F.2d 759, 761 (9th Cir. 1984), *cert. denied,* 474 U.S. 817 (1985).

There is no genuine issue of material fact here as to Ferguson's entitlement to payment under the applicable standards outlined above.  Ferguson clearly met the jurisdictional requirements, having supplied the required notice of its claim to Neeser in a timely fashion, and having filed this action within one year of the last date on which it supplied materials to the Project.  Moreover, as set forth in the Affidavit of Cathy Landreth and the attachments thereto, the materials at issue were supplied to Graystar for the purpose of prosecuting work on the Project, and Ferguson supplied such materials in a good faith belief that they were intended for the specified work, based on specific representations by Graystar.  *See* Affidavit of Cathy Landreth.  Finally, there is no dispute that Ferguson has not been paid for the supplied materials under the contract.  *Id*.

This is a simple matter that should have been resolved by payment on the Bond

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue, Suite 600
Anchorage, AK 99501
(907) 276-4557

long ago.  Defendants have supplied Ferguson with no information or evidence that would undermine Ferguson's entitlement to payment on the Bond, despite the specific requirements in the Initial Disclosure rules that would provide any such information.  *See* Federal Rule of Civil Procedure 26(a).  Ferguson has established through invoices specifically referencing PO Nos. 0422 and 0423 and through invoices specifically tied to Graystar's segregated account for the Project that it is due the principal sum of $111,547.13.  Such amount has been due and owing since January 10, 2006.

Graystar's credit agreement with Ferguson provides for a monthly service charge of 1.5% on all amounts due and owing.  See Exhibit 3.  This service charge presently amounts to $10,039.26.  Graystar's credit agreement also entitles Ferguson to reimbursement of its expenses in obtaining recovery, including attorneys' fees, which expenses will be established upon resolution of this matter.

## **CONCLUSION**

Ferguson supplied materials to a first tier subcontractor of Neeser specifically intended to be included on the Project.  Supplying such materials and the reasonable belief, based on specific representations by Graystar, that such materials were to be included in the Project.  Ferguson has met all jurisdictional requisites for payment, and has established through affidavit testimony supported by documentary evidence the specific amounts due and owing.  As such, there is no genuine issue of material fact preventing entry of judgment in favor of Ferguson in the principal amount of $111,547.13, plus interest to date of $10,039.26 and costs of recovery to be determined

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue, Suite 600
Anchorage, AK 99501
(907) 276-4557

FERGUSON'S MEMORANDUM IN SUPPORT                    *Ferguson Enterprises v. Safeco Ins. Co.*
OF MOTION FOR SUMMARY JUDGMENT.
Page 6 of 7                                                                                    Case No. 3:06-cv-00001-RRB

upon resolution of this matter.  Ferguson is entitled to such summary judgment as a matter of law.  This motion for summary judgment should therefore be granted.

DATED this 17th day of July, 2006, at Anchorage, Alaska.

DORSEY & WHITNEY, LLP

By: /s/ Michael A. Grisham
Michael R. Mills, ABA #8911074
Michael A. Grisham, ABA #9411104
DORSEY & WHITNEY LLP
1031 West Fourth Avenue, Suite 600
Anchorage, AK 99501-5907
Telephone:    (907) 276-4557
FACSIMILE:   (907) 276-4152

CERTIFICATE OF SERVICE

This certifies that on this 17th day of July, 2006, the foregoing was served by first class regular mail on:

Julia M. I. Holden, Esq.
Oles Morrison Rinker & Baker LLP
745 West 4th Avenue, Suite 502
Anchorage, AK  99501

/s/ Michael A. Grisham
_____
Dorsey & Whitney, LLP

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue, Suite 600
Anchorage, AK 99501
(907) 276-4557

FERGUSON'S MEMORANDUM IN SUPPORT           *Ferguson Enterprises v. Safeco Ins. Co.*
OF MOTION FOR SUMMARY JUDGMENT.
Page 7 of 7                                                                Case No. 3:06-cv-00001-RRB