Michael R. Mills, ABA #8911074
Michael A. Grisham, ABA #9411104
DORSEY & WHITNEY LLP
1031 West 4th Avenue, Suite 600
Anchorage, Alaska 99501-5907
(907) 276-4557

Attorneys for Use-Plaintiff Ferguson Enterprises, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA, AT ANCHORAGE

| | |
|---|---|
| UNITED STATES OF AMERICA for the use and benefit of FERGUSON ENTERPRISES, INC., <br><br>            Use-Plaintiff, <br><br> vs. <br><br> SAFECO INSURANCE COMPANY OF AMERICA and its Payment Bond No. 6255769, <br><br>            Defendant. | Case No. 3:06:cv-00001-RRB |

## AFFIDAVIT OF CATHY LANDRETH

1. I am a Credit Manager with Ferguson Enterprises, Inc. I am fully competent to address the matters discussed herein, and make this affidavit of personal knowledge.

2. Ferguson is, and has for many years been, a supplier of construction materials to a wide range of contractors working on projects throughout Alaska. Ferguson was known until October, 2003 as Familian Northwest, Inc.

3. Ferguson supplies materials to its contractor customers on credit, billing its customers in monthly installments.

4.   Many of Ferguson's customers are simultaneously engaged in several different projects.  Ferguson's sales staff is required to obtain information from Ferguson's customers regarding which particular project a group of materials is for.  Ferguson has two methods for keeping track of which materials are supplied to a particular project.  Ferguson tracks this information either by making specific notations of a project or "PO" number on the individual invoices, or by placing the order into a segregated account dedicated to the project for which the materials are intended.

5.   By using the information supplied by its customers in this manner, Ferguson's credit account records allow Ferguson, its customer, or anyone else to determine what project the materials were intended to be used in simply by reviewing the invoices.  These are standard accounting practices in the industry.

6.   Graystar is a customer of Ferguson's and had a credit account with Ferguson at all relevant times.  Graystar obtained materials from Ferguson for use on the Project, which Graystar charged to its credit account with Ferguson.  As demonstrated by the invoices attached hereto, Graystar began charging materials that were to be used in the Project on June 29, 2005.  The last materials intended for use in the Project were supplied on December 1, 2005.

7.   Graystar assigned two project or "PO" numbers to this Project, which were included on Graystar invoices – PO nos. 0422 and 0423.

8.   As Graystar's work on the Project continued, Ferguson and Graystar created a segregated sub-account for the Project to keep track of the materials supplied on credit to Graystar for use in the Project.

9.   Specific invoices were included in the segregated Project account or branded with the Project PO numbers based on information specifically supplied by

DORSEY & WHITNEY LLP
1031 West 4th Avenue, Suite 600
Anchorage, AK 99501
(907) 276-4557

AFFIDAVIT OF CATHY LANDRETH          *Ferguson Enterprises v. Safeco Ins. Co.*
Page 2 of 4                                               Case No. 3:06-cv-00001-RRB

Graystar that the materials supplied were intended to be used for Graystar's work on the Project.

10. As demonstrated by the invoices attached hereto, Graystar was furnished with supplies and materials intended for use in the Project valued at $111,547.13, for which Ferguson has not received payment. This amount has been due and owing since January 10, 2006. The service charge on this amount, at a monthly rate of 1.5%, amounts to $10,039.26.

11. To determine the amount owed to Ferguson for materials supplied to Graystar for the Project, I personally reviewed all invoices and materials related to this matter, and included only unpaid items that specifically referenced PO number 0422 or 0423, specifically referenced the job names, or that were charged to the segregated sub-account dedicated to the Project.

12. As demonstrated by the PO numbers on the invoices attached hereto or by the fact that such invoices reference the segregated sub-account for the Project, the materials at issue were supplied to Graystar for the purpose of prosecuting work on the Project. Ferguson supplied such materials in a good faith belief that they were intended for the specified work, based on specific representations by Graystar.

_____
Cathy Landreth

SUBSCRIBED AND SWORN TO before me this 14th day of July, 2006.

_____
Notary Public in and for the State of Alaska.
My Commission Expires: July 2008

DORSEY & WHITNEY LLP
1031 West 4th Avenue, Suite 600
Anchorage, AK 99501
(907) 276-4557

AFFIDAVIT OF CATHY LANDRETH
Page 3 of 4

*Ferguson Enterprises v. Safeco Ins. Co.*
Case No. 3:06-cv-00001-RRB

CERTIFICATE OF SERVICE

This certifies that on this _17th_ day of July, 2006, the foregoing was served by first class regular mail on:

Julia M. I. Holden, Esq.
Oles Morrison Rinker & Baker LLP
745 West 4th Avenue, Suite 502
Anchorage, AK 99501


/s/ Michael A. Grisham
―――――――――――――――――――
Dorsey & Whitney, LLP

**DORSEY & WHITNEY LLP**
1031 West 4th Avenue, Suite 600
Anchorage, AK 99501
(907) 276-4557

AFFIDAVIT OF CATHY LANDRETH
Page 4 of 4

*Ferguson Enterprises v. Safeco Ins. Co.*
Case No. 3:06-cv-00001-RRB